UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB SQUIBB,

    Petitioner,

v.

BELINDA STEWART,

    Respondent.

Case No. C06-5682RJB

REPORT AND RECOMMENDATION

**NOTED FOR:
April 27, 2007**

    This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Respondent has filed a dispositive motion instead of an answer. Respondent shows the petition to be time barred (Dkt. # 13). Petitioner has not responded and the court recommends this petition be dismissed as time barred.

## FACTS

    Petitioner had a combined criminal trial on two cause numbers. In Lewis County cause number 99-1-00137-5 Petitioner was found guilty of two counts of Child Molestation in the First

REPORT AND RECOMMENDATION- 1

Degree, four counts of Rape of a Child in the First Degree, and one count of Child Molestation in the Second Degree (Dkt. # 13, Exhibit 1). In the other criminal case, Lewis County cause number 99-1-00295-9, he was found guilty of three counts of Rape of a Child in the First Degree and one count of Child Molestation in the First Degree.

On July 27, 2000, he was sentenced on both criminal cases. In the first case, 99-1-00137-5, he was given 306 months, and in the second case, 99-1-00295-9, he was given 198 months. The Washington State Court of Appeals summarized the facts:

> The victims in this case first came forward in late 1996, nearly three years after the last of the crimes initially alleged had stopped. Four of the victims were Squibb's cousins, one his neighbor. They claimed that from 1986 to 1994, Squibb had sexual contact with them in varying ways. During that period, Squibb was age 10 to 16, and his victims ranged in age between 5 and 14.
>
> At least two years passed between the last of the crimes and the reporting, and the victims could give only general dates to the investigators. In early 1997, the sheriff's office referred the case to the prosecutor's office, which sent it back to the sheriff's office for more specific investigation into the dates at issue. The case was tried in May, 2000.
>
> The State originally charged Squibb under two different cause numbers, the first (99-1-0137-5) on February 16, 1999, and the second (99-1-00295-9) on April 1, 1999. The cases were later consolidated for a trial that was held on May 15, 2000.
>
> The record before this court reflects no request for a bill of particulars, and the State declares that Squibb never requested one. At oral argument Squibb's counsel (who did not represent him below) stated that he did not believe a bill of particulars was requested below. The omnibus order notes only "general denial" as Squibb's defense: he did not mention alibi or any affirmative defense.
>
> The morning of trial, Squibb moved in the alternative for a continuance or dismissal, claiming insufficient specificity in the dates of the charging document and mentioning for the first time his plan to assert an alibi defense. His counsel explained
>
>> I think actually the remedy . . . would be a continuance of the trial and the State to attempt to elicit better timing than what we have here. It's kind of in the guise I guess of a bill of particulars. It's really not. We're not asking what crime is the underlying charge. We want more specific dates here so we can attempt to see -- my client does have some alibis. He does have some defenses. We found one to one of the victims here time frame wise. It's not like he doesn't have them. It's just we simply can't find them under what we've been given.
>
> Report of Proceedings (Vol. I) at 14.

(Dkt. # 13, Exhibit 5).

REPORT AND RECOMMENDATION- 2

## PROCEDURAL HISTORY

On July 14, 2000, counsel for petitioner filed a direct appeal. Appellate counsel's brief raised three issues:

1. Was the lack of specificity as to time in the charging document prejudicial to the Defendant' and his ability to defend against the charges? (Assignment of Error No. 1).

2. Was there sufficient evidence in the record from which a rational trier of fact, viewing the evidence in the light most favorable to the State, could have found all of the essential elements of the crime of Rape of a Child in the First Degree beyond a reasonable doubt? (Assignment of Error No. 2).

3. By being charged in Count III with Rape of a Child arising out of the same incident as that alleged in either Counts I or II, was the Defendant placed twice in jeopardy for the same offense or the same criminal act (Assignment of Error No. 3).

(Dkt. # 13, Exhibit 3).

On May 17, 2002, The Washington Court of Appeals filed an unpublished opinion Affirming the convictions (Dkt. # 13, Exhibit 5).  Petitioner did not seek review in the Washington State Supreme Court and on July 17, 2002 the Mandate from the Washington State Court of Appeals was issued (Dkt. # 13, Exhibit 6).

More than one year later, on August 25, 2003, petitioner filed his first Personal Restraint Petition (Dkt. # 13, Exhibit 7).  The issues raised in his petition are not relevant to the court's analysis as the case appears time barred.  On June 10, 2004, his petition was dismissed (Dkt. # 13, Exhibit 13). In the order of dismissal the Washington Court of Appeals expressly dismissed pursuant to RCW 10.73.090 which states:

(1) No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

(2) For the purposes of this section, "collateral attack" means any form of post conviction relief other than a direct appeal. "Collateral attack" includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment.

REPORT AND RECOMMENDATION- 3

>   (3) For the purposes of this section, a judgment becomes final on the last of the following dates:
>
>   (a) The date it is filed with the clerk of the trial court;
>
>   (b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or
>
>   (c) The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. The filing of a motion to reconsider denial of certiorari does not prevent a judgment from becoming final.

See, RCW 10.73.090.

On July 9, 2004, petitioner filed a motion for discretionary review (Dkt. # 13, Exhibit 14). The State Supreme Court held the petition was untimely. The ruling was filed September 3, 2004 (Dkt. # 13, Exhibit 15). Motions to modify were filed and a final order dismissing the petition was filed January 10, 2005 (Dkt. # 13, Exhibits 16 to 18).

On June 28, 2005, petitioner filed a second petition (Dkt. # 13, Exhibit 19). On May 23, 2006, the Washington State Court of Appeals dismissed the petition as untimely and held the issues petitioner was attempting to raise did not apply retroactively (Dkt. # 13, Exhibit 21). Petitioner did not seek discretionary review in the State Supreme Court.

Petitioner filed his Federal Habeas Corpus petition November 26, 2006 (Dkt. # 1). He raises the following issues:

1. Sentence obtained in violation of Petitioner's Sixth Amendment right to the United States Constitution.

2. Sentencing statute was unconstitutional in violation of Petitioner's Sixth Amendment right to the United States Constitution.

3. Significant change in the law affecting Petitioner's Sixth Amendment right to the United States Constitution.

(Dkt. # 1).

## EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously

REPORT AND RECOMMENDATION- 4

unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

/

/

REPORT AND RECOMMENDATION- 5

## DISCUSSION

<u>One Year Statute of Limitations</u>.

A one year statute of limitations was imposed under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's direct appeal was denied May 17, 2002 (Dkt. # 13, Exhibit 5). The one year statue of limitations for filing a federal habeas petition began to run 90 days later, on August 15, 2002 as petitioner could no longer file a petition for certiorari with the United States Supreme Court. Petitioner's first state Personal Restraint Petition was not filed until August 25, 2003. By August 25, 2003, the petitioner was already time barred in Federal Court. The delay in time between the filing of the first and second state Personal Restraint Petitions and the delay between filing the second Personal Restraint Petition and this Federal Habeas Corpus Petition need not be considered. The time frame for filing had already elapsed. The court recommends **DISMISSAL** of this petition as time barred.

## CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

REPORT AND RECOMMENDATION- 6

parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 27, 2007**, as noted in the caption.

Dated this 4 day of April, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 7